**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50138 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-07012-LAB-1 |
| v. | |
| DARREN DAVID CHAKER, AKA Darren Del Nero, AKA Darrin Shackler, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50193 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-07012-LAB-1 |
| v. | |
| DARREN DAVID CHAKER, AKA Darren Del Nero, AKA Darrin Shackler, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 10, 2016
Pasadena, California

Before: KOZINSKI and WARDLAW, Circuit Judges and KORMAN,[**] Senior District Judge.

Darren David Chaker appeals the district court's revocation of supervised release and the sentence imposed upon revocation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the revocation of Chaker's supervised release and vacate the sentence imposed.

The relevant supervised release condition provides that Chaker "may not stalk and/or harass other individuals, to include, but not limited to, posting personal information of others or defaming a person's character on the internet." Chaker's blog post, which claimed that former police investigator Leesa Fazal "was forced out of the Las Vegas Metro Police Department," does not qualify as harassment. Among other issues, the blog post was not directed at Fazal, and the government failed to prove that Chaker intended to harass Fazal. *See United States v. Gnirke*, 775 F.3d 1155, 1162 (9th Cir. 2015) ("[C]onditions of supervised release are read to require an element of mens rea.") (citation omitted); Harassment, Black's Law Dictionary (10th ed. 2014). The government also failed to prove that Chaker's blog post satisfied the elements of defamation, including falsity and actual malice. *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254 279–80 (1964); Defamation, Black's

Law Dictionary (10th ed. 2014).  We therefore conclude that Chaker did not violate the special condition of supervised release.

Because we reverse the revocation of Chaker's supervised release on these grounds, we need not reach his constitutional arguments.  Similarly, because we vacate Chaker's sentence for the reversed revocation, *see United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010), we need not address Chaker's challenges to the newly imposed conditions of supervised release, which were only imposed as a result of that reversed revocation.

**REVERSED; VACATED.**